# CIRCUIT COURT OF ARLINGTON COUNTY

James Mountain

v.

Commonwealth of Virginia et al.

January 15, 1988

Case No. (Law) 87-803

By JUDGE WILLIAM L. WINSTON

I have considered your memoranda in addition to the oral arguments made in connection with the defendants' motions argued on December 18, 1987.

First the Motion to Transfer Venue will be considered. The cause of action is for personal injuries arising out of a scrimmage being conducted by the Rugby Club at James Madison University in Harrisonburg, Rockingham County, Virginia. The motion is made pursuant to Sections 8.01-195.4 and 8.01-265, Va. Code.

The defendants named in the motion are the Commonwealth of Virginia, the Visitors of James Madison University, Dean Ehlers, George Toliver, Kathy Koch, and Marion T. Doss. These defendants seek to transfer the case from the Circuit Court of Arlington County to the Circuit Court of Rockingham County pursuant to Section 8.01-265.

It is significant to note that in Paragraph 2 of the Motion for Judgment the plaintiff states that the claim being made against the Commonwealth of Virginia is asserted pursuant to the Virginia Tort Claims Act. The plaintiff further alleges that the individual defendants on the date of the plaintiff's injury were employees of the Commonwealth of Virginia at the James Madison University. A number of representations were made to the court at the hearing, both orally and in the pleadings

filed by counsel. No objection was made to those representations and the court has no reason to question the correctness of them.

Those representations dealt with the issue raised in the transfer motion and the existence of "good cause" to support the defendants' position. The statute under consideration permits, "the court wherein an action is commenced. . . upon motion by any defendant and for good cause shown [to] transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth . . ." Sec. 8.01-265, Va. Code.

There are many factors which weigh significantly in favor of the transfer of the case. The incident occurred at James Madison University; the persons who witnessed the match would in all likelihood be there; the persons who are charged with responsibility for what occurred are there; some of the players, coaches, or trainers are there, and, of no small importance, the site of the match is there which might be the subject of a view by the jury. In addition to these factors, the witnesses who would be capable of testifying as to distances, treatment, the timeliness of treatment, as well as the many other facts that become material in the course of a trial, are all far more likely to be at the place of the occurrence than at the place where the plaintiff resides.

Section 8.01-195.4, Va. Code, dealing with the subject of venue under the Virginia Tort Claims Act permits it to be in the circuit court of the jurisdiction where the claimant resides or where the "act or omission complained of occurred." It is important to note that the transfer statute, viz., Section 8.01-265, specifically refers to the venue section of the Virginia Tort Claims Act, declaring the same to be within its purview.

During the argument of this motion, counsel for the plaintiff made a number of representations to the court to sustain the retention of venue here. One of the strongest was the physical condition of the plaintiff. He is confined to a wheelchair and appeared in court in it, although he is able to travel about in a van which has been equipped for his use. Some of the persons and institutions which have been his health care providers are located here. There are also lay witnesses here who can describe his condition and the degree to which he is disabled.

The resolution of the question of venue requires a careful weighing of the relative inconveniences which are present in determining the place where the case should be tried. The issue in the case is primarily one involving questions of legal liability. The unfortunate and tragic extent of the plaintiff's injuries is questioned by no one. With this in mind, it appears that the venue should be transferred to Rockingham County. It is there that the witnesses and parties are located who will be necessarily present in order to testify and present evidence on the liability issue whether it be for the plaintiff or the defendants. The court, upon the defendants' motion, finds the existence of "good cause" for the granting of the defendants' Motion to Transfer Venue.

In view of this ruling, the court will not proceed with any ruling on the Demurrer and Plea of Sovereign Immunity.